74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph T. MORGAN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5124.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1996.
 
 Before RICH, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Joseph T. Morgan appeals from the decision of the United States Court of Federal Claims dismissing Morgan's complaint with prejudice for failure to prosecute. Morgan v. United States, No. 94-1100C (Fed.Cl. May 8, 1995) (dismissal order). Because the court did not abuse its discretion in dismissing the complaint, we affirm.
 
 DISCUSSION
 
 2
 In December 1994, Morgan filed a complaint in the United States Court of Federal Claims seeking compensation from the United States for alleged acts of racial discrimination. The government moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that exclusive jurisdiction over Morgan's discrimination claim was in the United States District Courts. The government also argued that the suit was barred by the principle of res judicata because Morgan had already filed and lost a lawsuit in the United States District Court for the District of Columbia based on the same allegation.
 
 
 3
 Morgan was granted an extension of time to respond to the motion to dismiss; however, he did not file a response by the extended deadline, April 7, 1995. Accordingly, on May 8, 1995, the court dismissed Morgan's complaint with prejudice for failure to prosecute. The court held, in addition, that it lacked jurisdiction over Morgan's discrimination claim. This appeal followed.
 
 
 4
 On appeal, Morgan argues that the court's dismissal was an unduly harsh sanction for his failure to timely respond to the government's motion. Our review of the court's dismissal for failure to prosecute, however, is limited to determining whether the court abused its discretion. Link v. Wabash Railroad Co., 370 U.S. 626, 633 (1962). Morgan's only excuse for failing to respond, the alleged mistake of his counsel, is inadequate. See id. at 633-34. Thus, we cannot say that the court abused its discretion in dismissing the complaint. Moreover, Morgan has not persuaded us that the court erred in determining, alternatively, that it lacked subject matter jurisdiction over Morgan's discrimination claim.